**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  APR -9 2019  ★

LONG ISLAND OFFICE

**THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| **ZAKARIYYA KHAN,** X | **MEMORANDUM IN SUPPORT** |
| Plaintiff, X | **OF MOTION FOR RETURN** |
| **-against-** X | **OF PROPERTY** |
|  X |  |
|  X | Index No.: |
| **THE UNITED STATES OF AMERICA,** X |  |
| Defendant. X | **MISC. 19    972** |
|  X |  |

---

**SPATT, J.**

## MOTION IN SUPPORT OF
## MOTION FOR RETURN OF PROPERTY PURSUANT TO
## RULE 41 & 18 U.S.C. 983

BY:

**ERIC A. PACK, ESQ.**
*Attorney & Counselor at Law*
21 Prospect Avenue
Glen Cove, New York 11542
T: (917) 363-5435
E: EricPack0401@gmail.com

TO:
United States Attorney, EDNY
United States Attorney's Office
610 Federal Plaza
Central Islip, New York 11722

2

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..........................................4

**INTRODUCTION**..................................................5

**STATEMENT OF FACTS**...........................................6

**STANDING**.....................................................11

**JURISDICTION**.................................................11

**VENUE**........................................................12

**LEGAL ARGUMENT**..............................................14

    I.    The Government's failure to file a complaint for judicial forfeiture within ninety days of its receipt of Mr. Khan's valid and timely claim for the seized funds entitles him to have them immediately returned......................13

    II.   The court should direct the Government to pay the costs and reasonable attorney's fees incurred in bringing this action..............................................29

**CONCLUSION**...................................................22

## <u>TABLE OF AUTHORITIES</u>

**CASES**

<u>Burnham v. United States Customs</u>,
   2013 U.S. Dist. LEXIS 47548(D. Vt. 2013)...............17

<u>Lavin v. United States</u>,
   299 F.3d 123, 127 (2d Cir. 2002).........................12

<u>Lopez v. United States</u>,
   863 F. Supp. 2d 127, 130 (D. Mass. 2012).............16,17

<u>Mora v. United States</u>,
   955 F.2d 156 (2d Cir. 1992)..............................12

<u>United States v. Wilson</u>,
   540 F.2d 1100, 1103 (D.C. Cir. 1976)....................12

<u>United States v. $140,000 in U.S. Currency</u>,
   2007 U.S. Dist. LEXIS 104410 (E.D.N.Y. 2007)............18

**STATUTES**

18 U.S.C. §§ 983, 1331, 2412............5,6,9,11,13,14,16,18-20

19 U.S.C. §§ 1603, 1607, 1610.......................13,14,17,23

21 U.S.C. § 881...............................................9

28 U.S.C. § 524.............................................20

42 U.S.C. § 1983.........................................6,11

**RULES**

Fed. R. Civ. Proc. R. 6.................................15-17

Fed. R. Crim. Proc. R. 41...............................6,12

**CONSTITUTIONAL PROVISIONS**

U.S. Const. Amend. IV, V.................................6,11

## INTRODUCTION

1. On October 24, 2018, Drug Enforcement Administration ("DEA") agents seized $100,030.00 from the claimant, Zakariyya Khan, at John F. Kennedy International Airport ("JFK Airport"), in Queens County, New York.

2. On November 20, 2018, the DEA mailed Mr. Khan notice that administrative forfeiture proceedings had been commenced with respect to the seized funds pursuant to 18 U.S.C. § 983, and advising him of his right to file a claim within thirty-five days contesting the forfeiture in federal court. The notice explained that upon timely receipt of a claim, the DEA would be required to file a forfeiture complaint or return the funds within ninety days.

3. Mr. Khan mailed a completed claim for the seized funds which the DEA received on December 26, 2018. The DEA did not file a forfeiture complaint in federal court or seek and extension to do so by March 26, 2019 or at any other point. The sized funds remain in the Government's possession.

4. Mr. Khan is entitled to immediate return of the seized funds and seeks an order directing this and other relief herein.

## STATEMENT OF FACTS

5. This is a motion seeking the return of seized funds brought pursuant to 18 U.S.C. § 983, 42 U.S.C. § 1983, and Rule 41(g) of the Federal Rules of Criminal Procedure on the grounds that the claimant's rights under the above statutes and the Fourth and Fifth Amendments to the United States Constitution are being violated by the Government's failure to return the funds as required by law.

6. The claimant in this action, Zakariyya Khan, is a United States citizen residing in the Eastern District of New York. He is a college student and makes money to support himself by buying and selling used cars with help from several relatives.

7. JFK Airport is an airport in Queens, New York, in the Eastern District of New York. Among the commercial and private flights that routinely fly in and out of JFK Airport are flights between New York City and various cities in California.

8. The DEA is operated by the United States Government and employs special agents to investigate and apprehend suspected violators of federal narcotics laws. Additionally, DEA Agents work to locate and identify property which can be seized for forfeiture to the Government as proceeds of illegal narcotics sales. In cases where property is seized without criminal charges being filed the DEA generally pursues administrative

forfeiture in which the property owner is served with a notice of forfeiture proceedings with instructions on how to contest the seizure and request return of the property. Oftentimes the owner does not respond within a certain time period set forth in the letter which results in legal title being forfeited to the Government by operation of law. In cases where the property owner responds seeking return of the property, a settlement is offered in which a portion of the property may be returned to the owner provided that the owner agrees to forfeit the balance of the property to the Government. In most cases the terms of the settlement are more favorable to the Government than the property owner but most accept the offer anyway because few are able or willing to spend the money in legal fees (which may well exceed the amount forfeited in settlement) to fight the forfeiture with no guarantee of a favorable result. In the rare case in which a property owner successfully challenges the Government's forfeiture effort and secures the return of the property still intact, the Government is not penalized and is no worse off for having tried and failed to seize the property than it would be if it had not seized the property in the first place. The property owner who has successfully fought to have the property returned on the other hand has invariably expended significant resources and suffered prolonged mental torment.

9. The federal Government receives significant revenue through asset forfeiture and it ensures this revenue stream will continue to flow by dishing out portions of it to the DEA and other Government agencies that seize property for forfeiture actions in which the Government is the default beneficiary. A sizable chunk of the Government's continuing financial windfall is directly attributable to the DEA's aggressive forfeiture efforts and the DEA is generously rewarded with funds in return. As the DEA pursues greater and greater wealth for the agency and its agents, it continues to systematically seize valuable property from passengers at airports and other heavily traveled locations nationwide. DEA agents focus on seizing quantities of currency from passengers' bags and luggage as well as any other valuables that can be forfeited. JFK airport is one of the locations at which the DEA operates a reliably profitable system of seizing property for forfeiture. The extent to which property is targeted for forfeiture depends not upon its proximity to any crime, but upon the value of the property and the likelihood the DEA can turn a profit by acquiring the entire property through forfeiture or some portion of its value through settlement.

10. Airplane passengers flying from New York to California via JFK have increasingly become targets of DEA agents in recent years. They seize currency and other valuables from

8

passengers' bags and persons and allege it to be proceeds of narcotics sales that are subject to forfeiture in that it was discovered in route to California from New York, which is a common route flown by couriers transporting narcotics proceeds back to source cities located along the west coast.

11. On October 24, 2018, Mr. Khan, was waiting to board a flight to California from JFK airport. He had already cleared security and was moments away from stepping onto a plane when three DEA agents approached him. They flashed badges and began interrogating him about his destination, the reason for his trip, whether he was a carrying drugs or money, and a myriad of other inquiries. Without probable cause, consent, or any other legal justification, the agents searched Mr. Khan's person and his carry-on bag, inside of which they located a shoebox containing United States Currency. They transferred the money into a plastic bag, issued Mr. Khan a receipt, and advised him he was free to go on his way. The total amount of currency the DEA agents seized was $100,030.00.

12. On November 20, 2018, the government mailed a document to Mr. Khan entitled "Notice of seizure of Property and Initiation of Administrative Forfeiture Proceedings," which advised that proceedings had been commenced pursuant to 18 U.S.C. § 983(a)(1) alleging that the seized funds were subject to forfeiture pursuant to 21 U.S.C. § 881. The notice outlined

Mr. Khan's right to file a claim within thirty-five days and listed the last day a claim could be received as December 25, 2018. See Exhibit A (notice of administrative forfeiture).[1]

13. Mr. Khan prepared a claim form in which he identified the specific property claimed, his interest in the property, his request that the forfeiture proceed judicially, and his signature under oath. See Exhibit D (copy of claim form).

14. The claim form, along with counsel's cover letter, was mailed to DEA Forfeiture Counsel in Springfield, VA, on Friday, December 21, 2018, via the United States Postal Service ("USPS") Priority Mail. USPS was unable to deliver it on December 24th or 25th as both days were legal holidays so it was instead delivered the following business day, December 26, 2018. See Exhibit B (USPS tracking history). It was signed for by R. Greeley and then made its way to the Asset Forfeiture Section where the claim was stamped in, along with a second copy that was returned to counsel. See Exhibits C & D (copy of signed return receipt from USPS & date/time stamped claim form).

15. The Government did not request an extension and nor filed a forfeiture complaint in United States District Court and the time for it to do so expired on March 26, 2019. The Government

---

[1] The DEA assigned the property Asset ID No. 19-DEA-646420. The administrative forfeiture was commenced as Case No. CJ-19-0005. See Exhibit A.

has not returned the property to Mr. Khan and maintains possession of it despite Mr. Khan being entitled to its return.

16. Mr. Khan has exhausted all administrative remedies and lacks any other remedy at law. He therefore seeks an order directing the Government to return the seized funds from this Court.

**STANDING**

17. Mr. Khan as standing to bring the instant motion because he is the legal owner of property DEA seized by the DEA. Through this motion he seeks return of the property which remains in possession of the United States despite Mr. Khan having filed a valid and timely claim upon the DEA and the expiration of ninety days since its receipt. Mr. Khan is presently being unconstitutionally deprived of his property by the Government.

**JURISDICTION**

18. This action alleges violations of 18 U.S.C. § 983, 42 U.S.C. § 1983, the Fourth and Fifth Amendments to the United States Constitution and seeks immediate return of the seized property and other relief. This Court has jurisdiction pursuant to 18 U.S.C. 1331 because the action is brought under federal statutes alleging deprivation of civil and constitutional rights which therefore invokes this Court's federal question jurisdiction.

19. This Court further has jurisdiction to grant the relief sought herein pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and its equitable jurisdiction. To the extent this

motion is not properly brought under Rule 41(g), the Court "should construe a motion requesting return of property under Rule 41(g) as initiating a civil action in equity." Lavin v. United States, 299 F.3d 123, 127 (2d Cir. 2002) (citing Mora v. United States, 955 F.2d 156, 158 (2d Cir. 1992)).

20. However construed, this motion seeks return of property which the government continues to possess in violation of Mr. Khan's statutory and constitutional rights. See United States v. Wilson, 540 F.2d 1100, 1103 (D.C. Cir. 1976) ("the District Court has both the jurisdiction and duty to return seized property."). This Court should exercise jurisdiction because Mr. Khan has been deprived of his property without due process, has exhausted all administrative remedies, and will suffer irreparable harm if not granted the relief sought as he will be deprived of funds he desperately needs to run his business.

**VENUE**

21. Venue lies in the Eastern District of New York because the property was seized at JFK International Airport which is located within this district.

**LEGAL ARGUMENT**

**A. THE DEA'S RECEIPT OF MR. KHAN'S VALID AND TIMELY CLAIM COMMENCED THE NINETY DAY TIME PERIOD FOR THE GOVERNMENT TO FILE A FORFEITURE COMPLAINT IN FEDERAL COURT AND ITS FAILURE TO FILE A COMPLAINT OR OBTAIN AN EXTENSION BY MARCH 26, 2018, ENTITLES MR. KAHN TO THE IMMEDIATE AND PERMANENT RETURNED OF HIS PROPERTY.**

22. 18 U.S.C. § 983(a)(1)(A) states that "[e]xcept as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A). The property was seized from Mr. Khan by the DEA which then sent him a notice advising him of his rights under 18 U.S.C. § 983 & 19 U.S.C. § 1607. The notice was served within sixty days of the seizure and specifically stated that the Government was pursuing administrative forfeiture of the property. As such, the procedures applicable to this case are set forth by 18 U.S.C. § 983.

23. 18 USC § 983(a)(2)(A) further provides that "[a]ny person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure." Additionally, subsection (B) clarifies that "[a]claim under subparagraph (A)

13

may be filed not later than the deadline set forth in a personal notice letter (*which deadline may be not earlier than 35 days after the date the letter is mailed),* except that if that letter is not received, then a claim may be filed not later than 30 days after the date of final publication of notice of seizure." 18 USC § 983(a)(2)(B) (emphasis added).

24. 19 U.S.C. § 1607 explains that a claimant who has received adequate notice of the government's intent to forfeit property may judicially contest the forfeiture by filing a claim with the DEA no later than the date set forth in the notice. The government cannot however require that a claim be received in less that thirty-five days. A valid and timely claim stops the administrative forfeiture process and requires the seizing agency to refer the matter to the United States Attorney for the district where the property was seized to institute judicial forfeiture proceedings. See 19 U.S.C. §§ 1603(b), 1607.

25. As detailed in the above background section, the DEA seized the property from Mr. Khan on October 24, 2018, and on November 20, 2018, sent notice of its intent to commence administrative forfeiture proceedings. As per the notice sent to him, Mr. Khan was required to file any claim seeking judicial forfeiture within thirty-five days of November 20, 2018, with the last day

falling on December 25, 2018 – Christmas, a legal holiday.[2] <u>See</u> Exhibit A (copy of Government's initial letter).

26. Mr. Khan's claim was mailed to the DEA on Friday, December 21, 2018, via USPS Priority mail, but the claim could not be received the following Monday or Tuesday because they were legal holidays, Christmas Eve and Christmas, respectively. In fact, USPS tried to deliver the claim on December 24, 2018 but the building was inaccessible due to the holiday it was delivered the next business day, on December 26, 2018. <u>See</u> Exhibit B (USPS shipping history).

27. Pursuant to FRCP Rule 6, when process of service is required to be completed within a set number of days and the final day falls on a weekend or legal holiday, service on the next business day is timely. Rule 6 states in relevant part

> [t]he following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time: (1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) <u>include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday</u>.

FED. R. CIV. PROC. R. 6(A)-(C) (emphasis added).

---

[2] <u>See</u> FED. R. CIV. PROC. R. 6(a)(6)(A) "'Legal holiday' means . . . the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or **Christmas Day**. . . ." (emphasis added).

28. Federal courts have specifically held that FRCP Rule 6 is the proper means to determine what constitutes the last day for service of a claim made pursuant 18 USC § 983(a)(2)(B). In <u>Lopez v. United States</u>, the DEA seized approximately $30,000 in currency as well as various items of jewelry which they claimed were subject to forfeiture. 863 F. Supp. 2d 127, 130 (D. Mass. 2012). On August 3, 2009, the DEA sent Ms. Lopez a notice of administrative forfeiture advising her she had thirty-five days to file a claim, with September 7, 2009, being the deadline according to the notice. Ms. Lopez completed the claim form and sent it back via Fed Ex. Attempts to deliver the claim on Saturday, September 4, 2009, and Monday, September 7, 2009, were unsuccessful. The office was inaccessible on Saturday because it was a weekend, and Monday, September 7, 2009 - the purported deadline - was Labor Day, a legal loliday.[3] The DEA received the claim the following business day, September 8, 2009, and asserted that it was untimely because it was received one day after the deadline specified in the letter. The District Court held that the government's purported rejection of the claim was illusory, explaining

> [t]he undisputed facts here demonstrate that administrative forfeiture was procedurally improper. The deadline for Lopez to file a claim was September 7, 2009,

---

[3] <u>See</u> Fᴇᴅ. R. Cɪᴠ. Pʀᴏᴄ. R. 6(a)(6)(A)(defining Labor Day as a legal holiday).

> Labor Day. Labor Day is a legal holiday and ***thus the filing period is extended until the following business day***. See Fed. R. Civ. P. Rule (6)(a)(1)(c); The petition was therefore properly filed, notwithstanding the fact that the DEA did not physically receive it until the day after the deadline. The agency was required to suspend administrative processes and proceed in district court as required by 19 U.S.C. § 1610.

Lopez v. United States, 863 F. Supp. 2d 127, 130 (D. Mass. 2012) (emphasis added). See also Burnham v. United States Customs, 2013 U.S. Dist. LEXIS 47548 (D. Vermont 2013) (granting the Government's motion to dismiss a claimant's motion for return of property on the grounds the Government failed to file a complaint until the ninety-first day after the claim was filed where the ninetieth day fell on a Sunday).

29. Consistent with the holding in Lopez and FRCP Rule 6, Mr. Khan's claim was timely filed with the DEA on December 26, 2018, despite the fact it was received on the thirty-sixth day from the date on the forfeiture notice. The purported deadline for filing a claim was a legal holiday on which service could not be completed and Mr. Khan was entitled by statute to *no less than* thirty-five days. FRCP Rule 6 therefore automatically extended the time frame for receipt of the claim to the end of the next business day, December 26, 2018. Since the claim form was in fact delivered prior to the end of business on December 26, 2018 – 3:32pm to be exact – it was a timely filed claim.

30. Mr. Khan's claim was otherwise proper in all respects in that it specified the property being claimed, stated Mr. Khan's interest in that property, and was personally signed by him under oath.  See 18 U.S.C. § 983(a)(2)(c) (requiring that a valid claim "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury."). Upon the DEA's receipt of Mr. Khan's claim, the administrative forfeiture proceedings were effectively terminated pursuant to 19 U.S.C. §§ 1603, 1607, and replaced by judicial forfeiture proceedings. To pursue judicial forfeiture of the seized funds, the government was required to file a complaint in United States District Court by March 26, 2019. As this Court has previously explained,

> [b]y filing with the seizing agency a timely claim for the property, the person whose property was seized may effectively transform the administrative seizure into a judicial proceeding. Within ninety days of the filing of such a claim, the government must either file a civil forfeiture complaint in federal court, secure a criminal indictment, or return the property pending the filing of the civil complaint. *If the government fails to file its complaint or secure an indictment within the statutory time frame, the government must return the property to its owner and may not take further action to effect its civil forfeiture.*

United States v. One Hundred Forty Thousand Dollars in United States Currency, 2007 U.S. Dist. LEXIS 104410 (E.D.N.Y. 2007)(emphasis added)(citing 18 U.S.C. § 983(a)(2)-(3)).

31. If the Government was unable to act within the ninety-day time period for some legitimate reason, it could easily have sought a good cause extension. See 18 U.S.C. § 983(a)(3)(a) ("a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties."). But the government did not request consent for an extension from the Court or from counsel for Mr. Khan 18 U.S.C. § 983(a)(3)(a). Absent an extension of some kind, the government was absolutely required by statute to file a forfeiture complaint in United States District Court by March 26, 2019 or have its right to seek forfeiture of those funds extinguished forever. Its total failure to take any action at all has necessitated the filing of this action as Mr. Khan lacks any other remedy for the government's unjustified failure to return the funds which he is legally entitled to the return of.

B. **THE COURT SHOULD ORDER THE GOVERNMENT TO PAY THE COSTS AND REASONABLE ATTORNEY'S FEES INCURRED IN BRINGING THIS ACTION TO RECOVER MR. KHAN'S PROPERTY.**

32. 18 U.S.C. § 2412(d)(1)(A) sets forth what is commonly known as the Equal Access to Justice Act ("EAJA") and provides that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States

19

was substantially justified or that special circumstances make an award unjust.

18 U.S.C. § 2412(d)(1)(a).

33. 18 U.S.C. § 2412(d)(4) states in relevant part that "[f]ees and other expenses awarded under this subsection to a party shall be paid by any agency over which the party prevails from any funds made available to the agency by appropriation or otherwise." 18 U.S.C. § 2412(d)(4)

34. The Department of Justice has legal authority pursuant to 28 U.S.C. § 524(c)(1)(A) to permit use of Asset Forfeiture Fund to pay EAJA awards arising from actions related to the forfeiture, attempted forfeiture or seizure for forfeiture of property.

35. In this case, Mr. Khan contends that he should be the prevailing party and that the United States Government has not taken any position that is substantially justifiable. DEA Agents, who are employed by United States, approached Mr. Khan at an airport without probable cause or any other legal justification and removed over $100,030 in United States Currency from his belongings. They seized the money, sent him on his way, and the only correspondence since was the initial notice of administrative forfeiture. Mr. Khan followed the instructions set forth in the governments notice and with the aid of counsel filed a timely and valid claim electing for the proceedings to proceed in United States District Court in order

to advance his meritorious defense to the forfeiture allegations and request an order directing the return of his property. Yet, the government appears to have simply ignored Mr. Khan's claim. It let the deadline for filing a federal forfeiture complaint come and did without ever filing one and is now foreclosed forever from doing so. Nevertheless, it continues to retain possession of Mr. Khan's funds to this day. Clearly Mr. Khan is entitled to either his day in court or to the return of his property. He has taken every possible step to preserve his rights and challenge the government's forfeiture allegations but they have done nothing to pursue forfeiture and at this point have no legal right to even possess his property.

36. As a result of the government's unjustified failure to return the seized property as the law requires, Mr. Khan has been forced to commence this action to seek vindication of his statutory and constitutional rights that the government continues to violate.

37. Mr. Khan's position has plainly been meritorious at all times since his property was seized on October 24, 2018, and he is entitled to be finally made whole again. Since the government has failed to voluntarily return the property as required, Mr. Khan was forced to retain counsel and commence a civil action. In moving the Court for an order directing the government to finally return Mr. Khan's property, significant resources have

been exhausted and it would be terribly unfair and unduly burdensome if he were forced to shoulder these costs. The government initiated this matter by seizing Mr. Khan's money, failed to take the steps necessary to pursue its allegations and seek legal ownership of it, and now that the time to do so has elapsed it has unjustifiably failed to return the property to Mr. Khan. Should the Court grant Mr. Khan the relief he seeks and deem him the prevailing party herein, it should also direct the government to pay the costs and reasonable attorney's fees incurred in bringing this action due to the clear absence of any substantially justifiable position taken by it during these proceedings.

**CONCLUSION**

38. Mr. Khan filed a timely and valid and claim with the DEA seeking the return of the property it seized from him. Pursuant to 19 U.S.C. §§ 1703 & 1708, upon receipt of this claim on December 26, 2018, the administrative forfeiture proceedings ended and this became a judicial forfeiture matter in which the ninety-day period for the government to file a complaint in federal court had begun to run. Upon the government's failure to act by March 26, 2019, its legal rights to seek forfeiture of Mr. Khan's property were terminated forever and the property was required to be returned to Mr. Khan. The Government's failure to return the property to Mr. Khan has resulted in a

clear deprivation of his rights under the United States Constitution and various federal statutes. Moreover, the lack of any substantial justification for the Government's position, or lack thereof, should result in it bearing all costs and counsel's fees expended in pursuing the relief sought in this motion. Accordingly, Mr. Khan seeks an order: (1) directing the Government to immediately return the property seized from him on October 24, 2018, namely $100,030.00 in United States currency; and (2) directing the Government to pay all costs and reasonable attorney's fees incurred by Mr. Khan in bringing this action; and (3) directing any other relief the Court deems just and proper.

**DATED:** April 9, 2019

Respectfully Submitted,

**ERIC A. PACK, ESQ.**
Attorney for the Plaintiff
21 Prospect Avenue
Glen Cove, New York 11542
T: (917) 363-5435
E: EricPack0401@gmail.com